KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 1 5 2010 ☆

BROOKLYN OFFICE

**10     2722**

**MATSUMOTO, J.**

**POLLAK M.J**

---

MING LI and
YU GUANG ZHANG,
on behalf of themselves and
others similarly situated,

        Plaintiffs,

    v.

LONG SHENG RESTAURANT, INC., and
SHI JIN CHEN

        Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, MING LI and YU GUANG ZHANG, (hereinafter, "Plaintiffs"), on behalf of

themselves and others similarly situated, by and through their undersigned attorney, hereby file

this Complaint against Defendants, , SHI JIN CHEN and LONG SHENG RESTAURANT, INC.

(each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

10840508.2

1

## INTRODUCTION

1.   Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3)  unpaid spread of hours premium, (4) liquidated damages and (5) attorneys' fees and costs.

2.   Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3)  unpaid spread of hours premium, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.   Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.   Plaintiff, MING LI, is a resident of Queens County, New York.

6.   Plaintiff, YU GUANG ZHANG, is a resident of Queens County, New York.

7.   Upon information and belief, Defendant, LONG SHENG RESTAURANT, INC.,, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 135-19 40TH Road, Flushing, NY 11354.

8.

9.   Upon information and belief, Defendant, SHI JIN CHEN, is the Chairman or Chief Executive Officer of Defendant, LONG SHENG RESTAURANT, INC.,.

10840508.2

2

10. Plaintiff, MING LI, was employed by Defendants in Queens County, New York, from on or about June 2007 to March 23, 2010.

11. Plaintiff, YU GUANG ZHANG, was employed by Defendants in Queens County, New York, from on or about January 1, 2010 to the date hereof.

12. At all relevant times, Defendant, SHI JIN CHEN, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, Defendant, LONG SHENG RESTAURANT, INC.,, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Defendants.

15. At all relevant times, Defendants knowingly and willfully failed to pay Defendants their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

16. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs, their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

18. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

10840508.2

3

## STATEMENT OF FACTS

19. On or about June 2007 Plaintiff, MING LI, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendant's "Xiao Du Hui" Chinese restaurant located at 135-19 40th Road, Flushing, NY 11354.

20. MING LI worked at Xiao Du Hui until on or about March 23, 2010.

21. During the employment of Plaintiff, MING LI, by Defendants, he worked over forty (40) hours per week.

22. During Li's employment by Defendants, he often worked over ten (10) hours per day.

23. On or about January 1, 2005 Plaintiff, YU GUANG ZHANG, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' "Xiao Du Hui" Chinese restaurant located at 135-19 40th Road, Flushing, NY 11354.

24. YU GUANG ZHANG worked at Xiao Du Hui until the current date.

25. During the employment of Plaintiff, YU GUANG ZHANG, by Defendants, he worked over forty (40) hours per week.

26. During LI's employment by Defendants, he often worked over ten (10) hours per day.

27. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs and other similarly situated employees.

28. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs.

29. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs.

10840508.2

4

30. Plaintiffs retained Kraselnik & Lee, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiffs reallege and reaver Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. At all relevant times, upon information and belief, Defendants were and continue to employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

33. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

34. Upon information and belief, at all relevant times, Defendant, LONG SHENG RESTAURANT, INC. , collectively had gross revenues in excess of $500,000.

35. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for their hours worked in excess of forty hours per workweek.

36. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

37. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

10840508.2

5

38. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for their hours worked.

39. Defendants failed to pay Plaintiffs minimum wages in the lawful amount for their hours worked.

40. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

41. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

42. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs the minimum wages for hours worked when Defendants knew or should have known such was due.

43. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

10840508.2

6

46. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

47. Plaintiffs reallege and reaver Paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

49. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

50. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

51. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked ten (10) or more hours.

52. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid pay "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

10840508.2

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.   An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.   An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h.   An award of prejudgment and postjudgment interest;

i.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.   Such other and further relief as this Court deems just and proper.

10840508.2

8

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

10840508.2

Dated: May 24, 2010

Respectfully submitted,

KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)

30 East 39th St, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

By: _____
    C.K. Lee (CL 4086)

10840508.2

10